AMY M. COHEN, ESQ., CSB #203190
Email: amy@cohenlawplc.com
COHEN LAW
A PROFESSIONAL LAW CORPORATION
28039 Smyth Drive, Suite 200
Valencia, California 91355
(661) 257-2887 – Telephone
(661) 257-2450 – Facsimile

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INDIO PRODUCTS, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>CAMAO, INC., a California corporation, doing business as KLOVER CANDLES, and DOES 1 through 20, inclusive,<br><br>Defendants. | CASE NO.:<br><br>COMPLAINT FOR COPYRIGHT INFRINGEMENT, TRADEMARK INFRINGEMENT, UNFAIR COMPETITION UNDER LANHAM ACT §43, UNFAIR COMPETITION UNDER CA Bus. & Prof. Code §17200, TRADEMARK INFRINGEMENT UNDER CA COMMON LAW, UNFAIR COMPETITION UNDER CA COMMON LAW<br><br>DEMAND FOR JURY TRIAL |

Plaintiff, INDIO PRODUCTS, INC., a California Corporation (hereinafter "Plaintiff" or "Indio"), by its attorneys, as and for its complaint against Defendant CAMAO, INC., a California Corporation doing business as Klover Candles (hereinafter "Defendant" or "Klover"), alleges as follows:

## Nature of the Action

1. Plaintiff manufactures, sells and distributes candles, in three (3) specific formats: (a) esoteric, highlighting various superstitions and targeting primarily Hispanic clients, (b) religious, featuring Catholic iconography, and (c) decorative

candles. The company was founded in the 1980s and has grown its business across the United States and Canada.

2. Recognizing Plaintiff's success and goodwill, and in a brazen and improper attempt to capitalize on that success, Defendant Klover has begun to manufacture and sell esoteric candles and related items such as sachets, scented oils and room sprays, which prominently feature exact copies or very close copies of Plaintiff's original artwork, without authorization from Plaintiff. For many years, Klover purchased such products from Indio.

3. In addition to improperly utilizing Plaintiff's artistic designs on products, Defendant currently sells candles and related products which feature Plaintiff's proprietary names, some of which are federally registered and others for which applications for registration are pending.

4. Defendants' conduct is causing, and unless immediately enjoined, will continue to cause irreparable harm to Plaintiff. Defendants cannot continue to exploit Plaintiff's original artistic works and trademarks in order to sell its "look alike" products to the public. Defendants' conduct must be immediately stopped and Plaintiff must be compensated for Defendants' willful acts of infringement.

## Jurisdiction and Venue

5. This is a civil action seeking damages and injunctive relief for Copyright Infringement under the Copyright Act, 17 U.S.C. §101 *et seq*, damages and injunctive relief for Trademark Infringement under the Lanham Act, 15 U.S.C. §§1125 *et seq*, damages for Trademark Infringement under California common law, damages for Unfair Competition under California *Business and Professions* Code §17200, and damages for Unfair Competition under California common law.

6. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338 (a).

7. This Court has supplemental jurisdiction over the related state law claims

1  under 28 U.S.C. §1367 (Plaintiff's claims for unfair competition under state law are integrally interrelated to Plaintiff's federal claims and arise from a common nucleus of operative facts, such that determination of the state law claims with the federal claims furthers judicial economy.)

8. This Court has personal jurisdiction over Defendant Camao, Inc. dba Klover Candles, because Defendant maintains its principal place of business in the State of California, County of Los Angeles.

9. Venue in this District is proper under 28 U.S.C. §1391(b) and (c) because Defendant Klover resides in the district and is subject to personal jurisdiction in this district, and because a substantial part of the events giving rise to the claims occurred in this district.

## The Parties

10. Plaintiff Indio Products, Inc. is, and at all times mentioned herein was, a corporation organized and existing under the laws of the State of California, with its principal place of business at 5331 E. Slauson Avenue, Commerce, CA 90040.

11. Upon information and belief, Defendant Camoa Inc. dba Klover Candles is, and at all times mentioned herein was, a corporation organized and existing under the laws of the State of California, with its principal place of business located at 2404 S. Grand Avenue, Los Angeles, CA 90007.

12. Plaintiff is unaware of the true names and capacities of defendants sued herein as DOES 1 through 20, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and therefore alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and Plaintiff's injuries as herein alleged were proximately caused by such defendants. These fictitiously named defendants, along with the defendant named above, are herein referred to collectively as "Defendants."

13. Plaintiff is informed and believes and on that basis alleges that at all times mentioned herein, each of the Defendants identified herein as Does 1 through 15, was the agent and/or alter ego of each of the other Defendants and, in doing the things alleged in this complaint, was acting within the course and scope of such agency.

### Facts Common to All Claims

14. Plaintiff has been manufacturing and selling religious, esoteric and decorative candles since the 1980s. During that time, Plaintiff has made a name for itself and is a well-respected source of various candles and related items such as sachets, scented oils and room sprays. Most popular among Plaintiff's items are its esoteric candles, for various superstitions, which are marketed largely in the United States and Mexico.

15. Plaintiff is a well-respected source of the types of esoteric candles that are the subject of this matter and currently manufactures and sells candles with at least thirty-six (36) such designs, as well as other related products such as Spiritual Water, oils, and sachets. Plaintiff spends substantial amounts of time, money and effort in producing and marketing its products, and has spent a substantial amount of time creating original artwork and designs for its products. For example, Plaintiff owns, inter alia, the following registered copyrights:

- "All Purpose" – US Copyright VA 0001923418
- "Bayberry" – US Copyright VA 0001923402
- "Block Buster" – US Copyright VA 0001920857
- "Cleansing/ Limpias" – US Copyright VA 0001923417
- "Come to Me" – US Copyright VA 0001899035
- "Domination" – US Copyright VA 0001899055
- "Double Action Reversible" – US Copyright VA 0001899040
- "Dume / Black List" – US Copyright VA 0001899051
- "Garlic" – US Copyright VA 0001899041
- "Holy Death Image" – US Copyright VA 0001860122
- "Intranquil Spirit" - US Copyright VA 0001899076

- "Jinx Removing" – US Copyright VA 0001923404
- "The Just Judge" – US Copyright VA 0001898973
- "Miracle Healing Power" – US Copyright VA0001923415
- "Retirement" – US Copyright VA 0001923420
- "Santa Marta Dominadora" – US Copyright VA 0001899038
- "Shut Up" – US Copyright VA0001899039
- "Spell Breaker" – US Copyright VA0001923406
- "Uncrossing" – US Copyright VA 0001923405

All of the above referenced artwork will sometimes herein collectively be referred to as "Artwork."

16. The Artwork, other than the "Holy Death" image, was created between the years of 1992 and 2016 by employees of Plaintiff. At the time of creation of the Artwork, the individuals were employed by Plaintiff as graphic designers and created the designs in the course and scope of their employment at Plaintiff.

17. The "Holy Death" image was created December 4, 1992, by Manuel Barrancos Zazueta, at the request of Plaintiff and with the intent that Plaintiff would own all copyrights and other rights in the work. On January 10, 2013, Manuel Barrancos Zazueta executed an Assignment and Agreement (herein "Assignment") acknowledging that Plaintiff was the owner of all rights associated with the "Holy Death" image and further assigning and transferring any other rights in the work to Plaintiff. Attached hereto, marked as Exhibit "1" and incorporated herein by reference is a true and correct copy of the Assignment and an English translation of the same.

18. In addition to its copyrighted designs, Plaintiff has twenty-six (26) proprietary marks for its candle products, which are federally registered or have applications pending. Plaintiff has used these marks regularly and continuously in commerce since 1992 to identify its products and to associate those products with Plaintiff and Plaintiff's goodwill and reputation. More specifically, Plaintiff's marks include "Block Buster (United States Patent and Trademark Office ("USPTO") Serial

No. 86960154), "Rompe Bloque" (USPTO Serial No. 86960159), "Come to Me" (USPTO Serial No. 86960134), "Reversible" (USPTO Serial No. 86960186), "Intranquil Spirit" (USPTO Serial No. 86960123), "Shut Up" (USPTO Serial No. 86960179) "Jinx Removing" (USPTO Serial No. 86960151) and the "holy death" image (USPTO Registration No. 4342068.) (These marks sometimes collectively referred to herein as "Marks.")

19. Klover was a customer of Plaintiff and regularly purchased candles and other products bearing Plaintiff's Marks between 2010 and 2013. Though its' purchase of Plaintiff's products, had access to and was familiar with Plaintiff's Artwork and Marks.

20. In contrast to the Plaintiff, Defendant Klover owns no trademarks and has created no copyrighted artwork or designs.

21. Plaintiff is informed and believes and on that basis alleges that Defendants and/or their agents have been manufacturing and selling (and/or causing to be manufactured and sold) candles and other products featuring Plaintiff's Artwork and trademarked images, without Plaintiff's authorization, or designs significantly similar to those owned by Plaintiff.

22. Defendants do not have any license, authorization, permission or consent to use Plaintiff's Artwork or Marks.

23. On August 29, 2016, through its counsel, Plaintiff provided written notice to Defendant Klover that the use of Plaintiff's Artwork and Marks constituted infringement of Plaintiff's rights and demanded that Defendant immediately cease and desist any further use of the Artwork and Marks. Plaintiff is entitled to injunctive relief and redress for Defendants' willful, intentional and purposeful use of the Artwork for their own financial benefit with full knowledge that such use constituted infringement of, and was in disregard of Plaintiff's rights.

///

# COUNT 1
# COPYRIGHT INFRINGEMENT
### (17 U.S.C. §§ 101 *et seq* and 501)

(Against all Defendants)

24. Plaintiff herein repeats and incorporates herein by this reference, the allegations of paragraphs 1 through 23, as though fully set forth herein.

25. Plaintiff has registered with the United States Copyright Office the Artwork described in Paragraph 15 above. Defendants have deliberately and intentionally copied Plaintiff's Artwork, and in doing so, have infringed Plaintiff's copyright in the Artwork in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501, by selling candles and other products featuring Plaintiff's Artwork, without Plaintiff's consent.

26. On many of the designs, Defendants copied the layout, arrangement and overall look of the designs, and on others, copied almost identically every aspect of each design.

27. Upon information and belief, Defendant Klover has sold since 2015 and continues to sell at its Los Angeles store, candles bearing designs which are the same or substantially similar to Plaintiff's designs entitled "African Power," "All Purpose," "Block Buster/ Rompe Bloque," "Come to Me," "Domination," "Reversible/Double Action," "Dume," "Garlic," "Holy Death," "Intranquil Spirit," "Just Judge," Miracle Healing Power," "Santa Marta Dominadora," "Shut Up," "Spell Breaker," and "Uncrossing."

28. Additionally, upon information and belief, Defendant Klover has sold since 2015 and continues to sell at its Los Angeles store room sprays bearing designs which are the same or substantially similar to Plaintiff's designs entitled "Bayberry" Spray, "Cleansing" Spray, "Come to Me" Spray, "Reversible" Spray, "Holy Death" Spray, "Jinx Removing" Spray, "Retirement" Spray, "Shut Up" Spray, and

COHEN LAW, A PROFESSIONAL LAW CORPORATION

1 "Uncrossing" Spray.

2 29. Defendants' acts of infringement are willful, intentional and purposeful, in disregard of and with indifference to Plaintiff's rights.

30. As a direct and proximate result of said infringement by Defendants, Plaintiff has sustained, and will continue to sustain damages in an amount to be proven at trial.

31. Plaintiff is also entitled to Defendants' profits attributable to the infringement, pursuant to 17 U.S. C. §504(b), including an accounting of and a constructive trust with respect to such profits, or in the alternative, damages of up to $30,000.00 per work infringed.

32. Plaintiff is further entitled to its attorneys' fees and costs pursuant to 17 U.S.C. §505 and otherwise as according to law.

33. As a direct and proximate result of the foregoing acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Plaintiff is informed and believes and on that basis alleges that unless enjoined and restrained by this Court, Defendants will continue to infringe Plaintiff's rights in the Artwork. Plaintiff is entitled to preliminary and permanent injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

## COUNT 2
## TRADEMARK INFRINGEMENT
### (15 U.S.C. §1114)

(Against all Defendants)

34. Plaintiff herein repeats and incorporates herein by this reference, the allegations of paragraphs 1 through 23, as though fully set forth herein.

35. Plaintiff has used its federally registered mark of the "Holy Death" image (USPTO Reg. No. 4342068) in commerce on various products including candles,

spiritual water, oils and sachets.

36. Defendants had both actual and constructive knowledge of Plaintiff's ownership of and rights in its federally registered mark prior to Defendants' infringing use of the Holy Death mark on its candle and room spray products.

37. Defendants have adopted and continue to use in commerce an image identical to or confusingly similar to Plaintiff's registered image, with full knowledge of Plaintiff's superior rights, and with full knowledge that their infringing use of Plaintiff's mark was intended to cause confusion, mistake and/or deception.

38. Defendants offer their candle and room spray goods under the infringing mark in the same channels of trade as those in which Plaintiff's legitimate goods are offered.

39. Defendants' wrongful use of the "Holy Death" image mark in connection with its goods comprises an infringement of Plaintiff's registered trademark and is likely to cause, and has caused confusion, mistake or deception as to the affiliation, connection or association of the goods with Plaintiff, in violation of 15 U.S.C. §1114.

40. Defendants' actions constitute knowing, deliberate, and willful infringement of Plaintiff's federally registered mark. The knowing and intentional nature of the acts set forth herein renders this an exceptional cause under 15 U.S.C. §1117(a).

41. As a direct and proximate result of said infringement by Defendants, Plaintiff has sustained, and will continue to sustain damages in an amount to be proven at trial.

42. As a direct and proximate result of the foregoing acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Plaintiff is informed and believes and on that basis alleges that unless enjoined and restrained by this Court, Defendants will continue to infringe Plaintiff's mark. Plaintiff is entitled to

preliminary and permanent injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

# COUNT 3
# UNFAIR COMPETITION UNDER LANHAM ACT §43
# (15 U.S.C. §1125)

(Against all Defendants)

43. Plaintiff herein repeats and incorporates herein by this reference, the allegations of paragraphs 1 through 23, and 35 through 42, as though fully set forth herein

44. Since 1992, Plaintiff has regularly used various marks in commerce, to identify its products and to associate those products with Plaintiff and Plaintiff's goodwill and reputation.

45. Upon information and belief, Defendant Klover has sold since 2015 and continues to sell at its Los Angeles store, candles bearing Plaintiff's Marks, including "Block Buster," "Rompe Bloque," "Come to Me," "Reversible," the "Holy Death" image, "Intranquil Spirit," and "Shut Up.

46. Additionally, upon information and belief, Defendant Klover has sold since 2015 and continues to sell at its Los Angeles store room sprays bearing Plaintiff's Marks, including "Come to Me" Spray, "Reversible" Spray, "Holy Death" Spray, "Jinx Removing" Spray, and "Shut Up" Spray.

47. Defendants' use of Plaintiff's Marks to promote, market or sell their goods in direct competition with Plaintiff's products constitutes Unfair Competition pursuant to 15 U.S.C. §1125(a). Defendants' use of Plaintiff's Marks is likely to cause confusion, mistake and deception among customers. Defendants' unfair competition has caused and will continue to cause damage to Plaintiff, and is causing irreparable harm to Plaintiff for which there is no adequate remedy at law.

48. Defendants had direct and full knowledge of Plaintiff's prior use of and

rights in its Marks before the acts complained of herein.  The knowing, intentional and willful nature of the acts set forth herein renders this an exceptional case under 15 U.S.C. §1117(a).

49. As a direct and proximate result of said acts by Defendants, Plaintiff has sustained, and will continue to sustain damages in an amount to be proven at trial.

50. As a direct and proximate result of the foregoing acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.  Plaintiff is informed and believes and on that basis alleges that unless enjoined and restrained by this Court, Defendants will continue to engage in unfair competition by infringing Plaintiff's Marks.  Plaintiff is entitled to preliminary and permanent injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

## COUNT 4

## VIOLATION of CALIFORNIA *BUSINESS & PROFESSIONS* Code §17200

(Against all Defendants)

51. Plaintiff repeats and incorporates herein by this reference, the allegations of Paragraphs 1 through 23, 35 through 42, and 44 through 50, as though fully set forth herein.

52. Defendants' wrongful conduct as herein alleged constitutes unfair, unlawful and/or fraudulent business acts and/or practices in violation of California *Business & Professions* Code §17200.

53. Defendants had direct and full knowledge of Plaintiff's prior use of and rights in the Artwork and Marks before the acts complained of herein.

54. As a direct and proximate result of Defendants' violation of *Business & Professions* Code §17200, Plaintiff is entitled to restitution, including disgorgement of Defendants' improperly obtained profits.

55. As a direct and proximate result of the acts alleged herein, Plaintiff has

sustained and will continue to sustain substantial, immediate and irreparable injury, for which there is no adequate remedy at law. Plaintiff is informed and believes and on that basis alleges that unless enjoined and restrained by this Court, Defendants will continue to engage in unfair competition by infringing Plaintiff's Artwork and Marks. Plaintiff is entitled to preliminary and permanent injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

## COUNT 5

## TRADEMARK INFRINGEMENT

### California Common Law

(Against All Defendants)

56. Plaintiff repeats and incorporates herein by this reference, the allegations of Paragraphs 1 through 23, 35 through 42, and 44 through 50, as though fully set forth herein.

57. Upon information and belief, Defendant Klover has offered and continues to offer for sale, candle and room spray products improperly using Plaintiff's "Come to me," "Reversible," "Jinx Removing," "Shut up," "Block Buster," "Rompe Bloque," and "Intranquil Spirit" Marks, as well as Plaintiff's "Holy Death" image.

58. In violation of Plaintiff's common law trademark rights, Defendants have, among other things, wrongfully used reproductions, copies, or colorable imitations of Plaintiff's Marks in connection with the sale, offering for sale, and/or distribution of its goods, including on candles and room sprays as set forth herein. Such use is likely to cause confusion, mistake, or to deceive as to the origin of Defendants' goods, and/or Defendants' affiliation with Plaintiff.

59. As a direct and proximate result of Defendants' actions, Plaintiff has sustained, and will continue to sustain damages, in an amount to be proven at trial.

60. As a direct and proximate result of the acts alleged herein, Plaintiff has

sustained and will continue to sustain substantial, immediate and irreparable injury, for which there is no adequate remedy at law.  Plaintiff is informed and believes and on that basis alleges that unless enjoined and restrained by this Court, Defendants will continue to engage in unfair competition by infringing Plaintiff's Artwork and Marks. Plaintiff is entitled to preliminary and permanent injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

## COUNT 6

## UNFAIR COMPETITION

### California Common Law

(Against All Defendants)

61. Plaintiff repeats and incorporates herein by this reference, the allegations of Paragraphs 1 through 23, 35 through 42, and 57 through 60, as though fully set forth herein.

62. Defendants' wrongful conduct as herein alleged constitutes unfair competition under California common law.

63. Unless enjoined, Defendants' continued wrongful conduct will cause Plaintiff irreparable injury, leaving Plaintiff with no adequate remedy at law.

64. As a direct and proximate result of Defendants' actions, Plaintiff has sustained and will continue to sustain damages, in an amount to be proven at trial.

65. As a direct and proximate result of the acts alleged herein, Plaintiff has sustained and will continue to sustain substantial, immediate and irreparable injury, for which there is no adequate remedy at law.  Plaintiff is informed and believes and on that basis alleges that unless enjoined and restrained by this Court, Defendants will continue to engage in unfair competition by infringing Plaintiff's Artwork and Marks. Plaintiff is entitled to preliminary and permanent injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

1    WHEREFORE, Plaintiff prays for an Order and Judgment against Defendants,
2 and each of them, jointly and severally, as follows:

3    1.    On Count 1, for damages including Defendants' profits, in an amount to
4 be provide at trial.  Alternatively, at Plaintiff's election, for the maximum statutory
5 damages allowed by law for all individual copyright infringements involved in this
6 action with respect to any one work, or for such other amount as may be proper.

7    2.    On Count 1, for all of Defendants' profits wrongfully derived from the
8 infringement of Plaintiff's Artwork.

9    3.    On Counts 2 and 3, for all damages permitted by law, under 15 U.S.C.
10 §1117, including but not limited to disgorgement of Defendant's profits, and the costs
11 of this action.

12    4.    On Counts 2 and 3, that the Court declare this to be an exceptional case
13 and award Plaintiff its attorneys' fees pursuant to 15 U.S.C. 1117.

14    5.    On all Counts, for a preliminary and permanent injunction enjoining
15 Defendants and their respective officers, agents, employees, shareholders, directors,
16 attorneys, successors, licensees, partners, and assigns, and all persons acting in concert
17 or participation with each of any of them, from (a) directly or indirectly infringing in
18 any manner any of Plaintiff's respective copyrights, trademarks and/or other exclusive
19 rights (now in existence or hereinafter created), and (b) causing, contributing to,
20 enabling, facilitating or participating in the infringement of any of Plaintiff's
21 respective copyrights, trademarks and/or other exclusive rights (whether now in
22 existence or hereafter created).

23    6.    On all Counts, that the Defendants be ordered pursuant to 15 U.S.C.
24 §1118 and 17 U.S.C.A. §503 to deliver up for destruction all goods displaying copies
25 of Plaintiff's Artwork, as well as all plates, molds, masters or other articles by means
26 of which such copies may be reproduced, along with all containers, labels, signs,
27 prints, packages, wrappers, receptacles, advertising, promotional material or the like,
28

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF

COHEN LAW, A PROFESSIONAL LAW CORPORATION

in Defendants' possession, custody or control, bearing a trademark or copyright found to infringe on Plaintiff's Artwork and/or Marks.

7. Directing Defendants to provide an accounting of profits made by Defendants as a result of Defendants' unlawful conduct.

8. Ordering Defendants, pursuant to 15 U.S.C. §1116(a), to file with this Court and serve upon Plaintiff within thirty (30) days after entry of the injunction, a written report under oath describing in detail the manner and form in which Defendants have complied with the injunction.

9. On Counts 4, 5 and 6, all damages to which Plaintiff is entitled under California law, as well as Defendants' profits, in an amount to be proven at trial.

10. For prejudgment and post-judgment interest according to law.

11. For Plaintiff's attorneys' fees under California law, 15 U.S.C. §1117 and the Copyright Act.

12. For costs of suit herein.

13. For all such other relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure §38(b), Plaintiff demands trial by jury of all issues triable by right of jury.

DATED: October 14, 2016            COHEN LAW,
                                   A PROFESSIONAL LAW CORP.


                                   __/S/AMC_____
                                   Amy M. Cohen, Esq.
                                   Attorney for Plaintiff, INDIO
                                   PRODUCTS, INC.